|,ON APPLICATION FOR ADMISSION TO THE BAR.
 

 PER CURIAM.
 
 *
 

 After reviewing the evidence and considering the law, we conclude petitioner, Christopher S. Nichols, is eligible to be conditionally admitted to the practice of law in Louisiana, subject to the following conditions:
 

 1. The term of this conditional admission shall be for two years from the date of admission.
 

 2. During the period of this conditional admission, petitioner shall be monitored by the Lawyers Assistance Program (LAP).
 

 3. Petitioner shall be responsible for ensuring that monthly reports of his progress and participation in LAP are forwarded to the Office of Disciplinary Counsel.
 

 4. Within forty-five days prior to the expiration of the conditional admission, the Executive Director of LAP shall forward to the Office of Disciplinary Counsel (a) a final report of petitioner’s progress and participation in LAP, and (b) a recommendation regarding the need for petitioner’s continued participation in LAP.
 

 5. Within thirty days prior to the expiration of the conditional admission, the Office of Disciplinary Counsel shall file a report in this court in which it shall recommend whether the conditional admission shall be allowed to terminate or shall be extended.
 

 |26. Petitioner shall cooperate with LAP and the Office of Disciplinary Counsel, and shall comply with any and all requirements imposed upon him by LAP and the Office of Disciplinary Counsel.
 

 Should petitioner fail to make a good faith effort to satisfy these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursu
 
 *261
 
 ant to the Rules for Lawyer Disciplinary Enforcement.
 

 CONDITIONAL ADMISSION GRANTED.
 

 *
 

 Chief Justice Kimball not participating in the opinion.